IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTON CANNON,<br>a/k/a Sharif Mozaar Mustafa El:Bey,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 12-461-GMS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

The plaintiff, Alton Cannon, also known as Sharif Mozaar Mustafa El:Bey ("Cannon"), filed a complaint on April 11, 2012. (D.I. 2) The civil cover sheet asserts jurisdiction by reason of the United States Government as a defendant. The cause of action in the civil cover sheet is described as "(fraud) 18 ___ 1001." (*Id.*) Cannon resides in Wilmington, Delaware and is a frequent filer in this court. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the court will dismiss th complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

While not entirely clear, it appears that in June 1995, Cannon entered into a contract to receive a student loan from the defendant the United States Department of Education ("Department of Education") to attend the Delaware County Institute of Training for training as a certified nursing assistant. (D.I. 2.) Cannon alleges that the Department of Education entered into a contract with an "infant," the "infant" being Cannon, and that the Department of Education failed to get "authorization before entering into an impossible and adhesion contract" with him.

(*Id.*) Cannon alleges that the Department of Education knew that, because he was an "infant" when he entered into the contract, he did not have any money to pay the debt. Cannon alleges that in entering into the contract the Department of Education violated a number of statutes.

On March 2, 2012, Cannon received a notice from the Social Security Administration that he owed a delinquent debt to the defendant the United States Department of the Treasury's Financial Management Service ("Treasury") and that his Social Security benefits would be offset each month until the debt is paid or otherwise resolved. (D.I. 2, ex.) Apparently the notice is the impetus for filing the instant complaint.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Cannon proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Cannon leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Cannon has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege Cannon's

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Cannon alleges that the Department of Education violated a number of statutes because he was an infant at the time he entered into the student loan. However, his allegations and exhibits belie his claims. An exhibit attached to the complaint indicates that Cannon was born in 1961, and Cannon alleges that the contract was entered into in 1995. Hence, it is clear from the pleadings that Cannon was 34, and not an "infant", at the time he entered into the student loan contract. Under Delaware law, "any person who has attained 18 years of age shall have full capacity to contract; provided such person has not been declared legally incompetent to contract for reasons other than age. Any person who has attained the age of 18 years shall become fully responsible for that person's own contracts." 9 Del. C. § 2705.

By Cannon's own pleadings it is apparent that he had reached the age of majority by the time he entered into the contract to receive student loan monies. Notably, the United States may offset Social Security benefits to collect a student loan debt that has been outstanding for over ten years. *See Lockhart v. United States*, 546 U.S. 142, 143-147 (2005).

The claim in the complaint rests upon on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. Therefore, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## IV. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Amendment of the complaint is futile.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

July 5, 2012
Wilmington, Delaware